**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Roger Mark Scott,

Petitioner,

vs.

Dora B. Schriro, et al.,

Respondents.

No. CV-97-1554-PHX-PGR

DEATH PENALTY CASE

**ORDER RE: CERTIFICATE OF APPEALABILITY**

In orders filed March 31 and June 6, 2000, the Court found most of Petitioner's claims for habeas relief procedurally barred. (Dkts. 119, 126.)[1] On March 3, 2005, following additional briefing, the Court denied relief on the merits of Petitioner's remaining claim.[2] (Dkt. 148.) On June 3, 2005, the Court denied a motion for reconsideration. (Dkt. 154.) Petitioner filed a Notice of Appeal on July 1, 2005. (Dkt. 161.) Before the Court is Petitioner's Application for Certificate of Appealability ("COA") and two requests to supplement the COA application. (Dkts. 163, 164, 167.) Respondents have filed no responses to either the original COA motion or the requests to supplement.

Petitioner seeks to supplement his COA application with statements made by two Arizona Assistant Attorneys General in testimony before the United States Senate's Judiciary Committee concerning delay in federal habeas corpus cases, Arizona's attempts to "opt-in"

[1] "Dkt." refers to documents in this Court's file.

[2] Due to an error by the Clerk's office, judgment in this matter was not actually entered until July 5, 2005, several months after the Court's final order. (See dkts. 156, 157.)

under the AEDPA, and proposed legislation to modify federal habeas corpus. (Dkt. 164.) The Court will deny this request because these statements do not relate to, or have any bearing on, this case.

In the other request, Petitioner asks the Court to consider a recent state court decision addressing Rule 32.6(d) of the Arizona Rules of Criminal Procedure, which he asserts is relevant to whether that rule, which provides that a state post-conviction petition may be amended prior to entry of judgment for good cause, is consistently followed.[3] (Dkt. 167.) The Court will grant this request to the extent that it has reviewed the case and considered its possible relevance to the issuance of a COA. The request is otherwise denied.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner"[4] or that the issues were "adequate to deserve encouragement to proceed further." Slack v. McDaniel,

---

[3] The case is Canion v. Cole, 210 Ariz. 598, 115 P.3d 1261 (2005). In Canion, the Arizona Supreme Court rejected the contention that pre-petition discovery was necessary so that a petitioner could raise "every known ground" in his petition because Rule 32.6(d) permits amendment "upon a showing of good cause" and noting that the rule "adopt[ed] a liberal policy toward amendment of PCR pleadings." 115 P.3d at 1264 (citing State v. Rogers, 113 Ariz. 6, 8, 545 P.2d 930, 932 (1976) ("Rule 32.6(d) adopts a liberal policy toward amendments of post-conviction pleadings at all stages prior to entry of *judgment*.") (emphasis added)). Canion's relevance to this case is particularly doubtful because Petitioner moved for leave to amend his post-conviction petition *after* judgment had been entered, a fact he acknowledged in the motion itself. (ROA 640 at 1-2.)

[4] In his COA Application, Petitioner sometimes appears to conflate this standard into a determination whether reasonable jurists would find various state court, rather than this Court's, rulings debatable. (See e.g., dkt. 163 at 11, 23, 30, 31, 32, 33, 36, 37.)

529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct.[5] Id.

The Court finds that jurists of reason could debate the resolution of the following issue: Whether the exhausted portion of Claim 1, alleging a Sixth Amendment violation based on trial counsel's failure to argue as mitigation the victim's father's recommendation for leniency, was wrongly decided on the merits. The Court denies a COA as to all other issues for the reasons set forth in its Orders filed on March 31 and June 6, 2000 and August 30, 2001 in which the Court addressed Petitioner's arguments regarding evidentiary development, exhaustion, and procedural default. (Dkts. 119, 126, 144.) The Court also denies a COA as to other Orders filed on April 15, June 3, July 29, and August 1, 2005. (Dkts. 151, 153, 154, 165, 166.)

Accordingly,

**IT IS ORDERED** that Petitioner's request to supplement his application for a certificate of appealability with two statements of Arizona Assistant Attorneys General is **DENIED**. (Dkt. 164.)

**IT IS FURTHER ORDERED** that Petitioner's request to supplement his application for certificate of appealability with case citation is **GRANTED IN PART** and **DENIED IN PART**. The request is **GRANTED** to the extent that the Court has reviewed the case and considered its possible relevance to the issuance of a COA. The request is otherwise **DENIED**. (Dkt. 167.)

**IT IS FURTHER ORDERED** that Petitioner's Request for a Certificate of

---

[5] Petitioner asserts that the denial of a COA by this Court as to an issue precludes him from appealing the issue. However, the Court of Appeals has the authority to consider issues outside the scope of the COA issued by this Court. See Nardi v. Stewart, 354 F.3d 1134, 1138 (9th Cir. 2004). Further, Ninth Circuit Rule 22-1(e) provides that a petitioner may address uncertified issues in an opening appellate brief, consistent with page limitations, and that such briefing is construed by the Court of Appeals as a motion to expand the COA.

Appealability (dkt. 163) is **GRANTED IN PART** as to the following issue:

> Whether the exhausted portion of Claim 1, alleging a Sixth Amendment violation based on trial counsel's failure to argue as mitigation the victim's father's recommendation for leniency, was wrongly decided on the merits.

**IT IS FURTHER ORDERED** that Petitioner's Application for Certificate of Appealability is otherwise **DENIED**. (Dkt. 163.)

DATED this 3rd day of October, 2005.

Paul G. Rosenblatt
United States District Judge