**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Mark Scott, | No. CV-97-1554-PHX-PGR |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| Dora Schriro, et al., | **ORDER** |
| Respondents. | |

Pending before the Court is Petitioner's motion for reconsideration.  (Dkt. 177.) Petitioner asks the Court to reconsider its Order denying Petitioner's motion for leave to file a Rule 60(b) motion.  In that motion, Petitioner inquired, under the procedure outlined in *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004), whether the Court wished to entertain or grant his 60(b) motion.  (Dkt. 173.)  For the reasons set forth below, the Court will not reconsider its conclusion that it is unwilling to entertain or grant Petitioner's Rule 60(b) motion.

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error.  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration is not a forum for the

moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

In support of his motion for reconsideration, Petitioner has neither presented new evidence nor cited an intervening change in the law. Instead, he argues that the Court clearly erred in its analysis. The Court disagrees.

Petitioner contends that in assessing its willingness to entertain a Rule 60(b) motion, a district court is forbidden from considering the merits of the underlying motion and that, because this Court considered the merits of his 60(b) motion, its Order declining to entertain the motion actually constituted a ruling on the merits and thus exceeded the Court's jurisdiction. Petitioner provides no authority to support this assertion, and makes the argument despite the fact that his motion seeking leave to file a Rule 60(b) motion was supported entirely by the purported merits of the Rule 60(b) motion itself. (*See* Dkt. 173, Ex. 2, Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.) Relevant case law supports only contrary propositions; i.e., that a "district court order declining to entertain or grant a Rule 60(b) Motion is a procedural ruling and not a determination on the merits," *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir.2000), and that when asked if they are willing to entertain a Rule 60(b) motion district courts can and do consider the merits of the underlying motion, *see, e.g.*, *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061,1064 (9th Cir. 2002); *United States v. Tanoue*, 165 F.R.D. 96, 99 (D. Hawaii 1995). It is self-evident that elimination of the merits of the underlying motion as criteria upon which the Court can rely in determining whether it wishes to entertain – or **grant** – such a motion eliminates any rational basis for the court's decision.

Petitioner's other critique of the Court's Order relates to the cases discussed by the Court. The Court's ruling was based upon the analysis supplied by the United States

Supreme Court in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S. Ct. 2641 (2005), and subsequently applied by various courts, including the Ninth Circuit.  The Court did not address Petitioner's contention that his argument for a statutory right to effective habeas counsel finds support in *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003),[1] because the *Rohan* holding, to the extent that it has any relevance to the issue that forms the substantive basis of Petitioner's Rule 60(b) motion, is unpersuasive in the light of *Gonzalez* and 28 U.S.C. § 2254(i).

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration (Dkt. 177).

DATED this 13th day of November, 2006.

Paul G. Rosenblatt
United States District Judge

---

[1] *Rohan* held that the statutory right to habeas counsel implies a right to competence on the part of the petitioner.  334 F.3d at 813.

3